Shawn Christopher, Esq.
Nevada Bar No: 6252
2625 N. Green Valley Parkway, Suite 110
Henderson, Nevada 89014-0276
Phone: (702) 737-3125
Facsimile: (702) 458-5412

Attorney for Debtor,

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No: BKS-09-12578-BAM<br>Chapter 13 |
| CARY JANEWAY, | **DEBTOR'S MOTION FOR DETERMINATION OF VALUE OF PROPERTY; MOTION TO AVOID LIEN** |
|      Debtor. | |
| | Hearing Date: March 4, 2010<br>Hearing Time: 2:30 p.m. |

COMES NOW, CARY JANEWAY (hereinafter referred to as "Debtor"), by and through her counsel of record, Shawn Christopher, Esq. and hereby files Debtor's Motion for Determination of Value of Property and Motion to Avoid Lien. This Motion is made and based upon the following Memorandum of Points and Authorities, the attached Exhibits, the entire case and any oral argument this Court may wish to hear.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **STATEMENT OF FACTS**

1.    On February 26, 2009 Debtor filed a Voluntary Petition for Bankruptcy relief under Chapter 13 of Title 11 of the United States Code.

2.    Rick A. Yarnall was duly appointed the Chapter 13 Trustee in this case.

3.    On or about April 8, 2005, Debtor purchased the real property located at 4689 Via Torino, Las Vegas, Nevada 89103 (hereinafter referred to as the "Property") in the amount of $175,000.00. A true and correct copy of the Recorder Detailed Summary Report is attached hereto and incorporated

herein by reference as **Exhibit "1"**.

4.   On or about July 31, 2007, Debtor executed a Note in the amount of $250,800.00 representing the first mortgage re-finance purchase price of the Property.  A true and correct copy of the Note is attached hereto and incorporated herein by reference as **Exhibit "2".**  To secure its first lien holder position, SCME Mortgage recorded a Deed of Trust with the Clark County Recorder's Office on August 7, 2007.  A true and correct copy of the Deed of Trust is attached hereto and incorporated herein by reference as **Exhibit "3".** Please note that Bank of America fka Countrywide Home Loans services the Note and Deed of Trust on behalf of SCME Mortgage. Therefore, for notification purposes, this Motion will be sent to both companies as it is not clear which company holds the first Trust Deed.

5.   Debtor's monthly obligation to Bank of America is $1,197.72 with an unpaid principal balance in the amount of $149,084.35.  See a true and correct copy of Debtor's most recent mortgage statement attached hereto and incorporated herein by reference as **Exhibit "4".**

6.   On or about April 3, 2006 Debtor executed a SmartFit Home Equity Account Agreement and Disclosure Statement ("SHEAADS") in the amount of $44,000.00 representing the second mortgage price on the Property. A true and correct copy of the SHEAADS is attached hereto and incorporated herein by reference as **Exhibit "5".**  To secure its junior lien holder position, Wells Fargo Bank, N.A. recorded a Deed of Trust with the Clark County Recorder's Office on April 25, 2006.  A true and correct copy of the Deed of Trust is attached hereto and incorporated herein by reference as **Exhibit "6".**

7.   Debtor's monthly obligation to Wells Fargo is $324.86 with an unpaid principal balance in the amount of $44,321.25.  See a true and correct copy of Debtor's most recent mortgage statement attached hereto and

1    incorporated herein by reference as **Exhibit "7"**.

2    8.    Debtor originally listed the fair market value of the Property at $175,000.00.

3    See a true and correct copy of Debtor's Schedule A of her Voluntary

4    Petition attached hereto and incorporated herein by reference as **Exhibit**

5    **"8"**.

6    9.    In an effort to further substantiate the value of the Property, Debtor obtained

7    comparison values estimating the fair market value between $43,000.00 to

8    $773,620.00.    See true and correct copies of the comparison values

9    attached hereto and incorporated herein by reference as **Exhibit "9"**.

10    10.    Since the comparison values had such a vast range, Debtor obtained an

11    appraisal of the Property with The Sorensen Group Appraisals on

12    December 19, 2009 to provide an actual value. See a true and correct copy

13    of the Appraisal attached hereto and incorporated herein by reference as

14    **Exhibit "10"**.

15    11.    The appraisal valued the Property at $72,000.00, which clearly indicates

16    that Wells Fargo's Deed of Trust securing its junior position should be

17    considered a wholly unsecured lien.

18    **II.    LEGAL ARGUMENT**

19    **A. WELLS FARGO DOES NOT HAVE AN ALLOWED SECURED CLAIM.**

20    Bank of America holds the first Deed of Trust on the Property in the amount of

21    $152,000.00 with a current principal balance of $149,084.35.    Wells Fargo holds the

22    second Deed of Trust in the amount of $44,000.00 with an unpaid principal balance due

23    of $44,321.25.    The value of all consensual liens recorded against the Property total

24    $193,405.60.    Debtor's Schedule A of her Petition scheduled the value of the Property at

25    $175,000.00, which reflects an average of the most recent comparison values in her

26    neighborhood. See **Exhibit "9"**.    Further, the Appraisal provided on December 19, 2009,

27    states Debtor's Property is accurately valued at $72,000.00. See **Exhibit "10"**.

28

1    11 U.S.C. § 506(a) bifurcates a creditor's allowed claim in two parts: (1) secured to

2    the extent of the value of the property to which the creditor's interest in the liened

3    property attaches; and (2) unsecured to the extent the claim exceeds the value of the

4    underlying property.  A claim such as a mortgage is not a "secured claim" to the extent

5    that it exceeds the value of the property that secures it.  Under the Bankruptcy Code,

6    "secured claim" is thus a term of art; not every claim that is secured by a lien on property

7    will be considered a "secured claim."  In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

8

9    Further, a junior lien holder's claim is an unsecured claim when its deed of trust is junior

10   to a first deed of trust and the value of the loan secured by the first deed of trust is

11   greater than the value of the house.  Id.  This is the exact situation that exists in this

12   matter.

13        The cumulative value of the first Deed of Trust recorded against the Property is

14   $152,000.00 with a principal balance in the amount of $149,084.35.  See **Exhibit "4"**.

15

16   Since the amount of the first priority Deed of Trust (*i.e.* $149,084.35) exceeds the actual

17   value of the Property (*i.e.* $72,000.00), the value of the estate's interest in the Property is

18   zero.  As a second priority Deed of Trust, Wells Fargo's interest in the estate interest can

19   be no greater than zero.  Thus, under § 506(a), Wells Fargo would not have an allowed

20   secured claim and under Zimmer its claim must be unsecured.

21

22   **B. WELLS FARGO'S LIEN IS VOID.**

23        11 U.S.C. § 506(d) states in pertinent part as follows:

24            (d) To the extent that a lien secures a claim against the
25            debtor that is not an allowed secured claim, such lien is
             void, unless--

26                (1) such claim was disallowed only under
27                section 502(b)(5) or 502(e) of this title; or

28

(2) such claim is not an allowed secured claim
due only to the failure of any entity to file a proof
of such claim under section 501 of this title.

Accordingly, since Wells Fargo would not have an allowed secured claim under § 506(a), its lien would be void.

## C. WELLS FARGO'S CONTRACT RIGHTS MAY BE MODIFIED THROUGH DEBTOR'S CHAPTER 13 PLAN.

11 U.S.C. § 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.  However, as in this case, a wholly unsecured lien is not protected by the antimodification clause of 1322 (b)(2). In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).   Since Wells Fargo's claim is completely unsecured, Wells Fargo is not entitled to the protection of § 1322(b)(2).

In conclusion, since Wells Fargo's claim is wholly unsecured, Wells Fargo should be treated as an unsecured creditor in Debtor's Chapter 13 Plan and Debtors elect to avoid the fixing of Wells Fargo's lien against the Property pursuant to 11 U.S.C. § 506(d) and § 1322(b)(2).

**WHEREFORE** Debtors pray for judgment as follows:

1. That the Debtor's real property located at 4689 Via Torino, Las Vegas, Nevada 89103 be adjudicated to have a value of $72,000.00 as of the date of filing Debtor's Voluntary Petition;

2. That Wells Fargo's lien be adjudicated as an unsecured lien and treated as an unsecured claim;

3. That Wells Fargo's lien have no further force and effect as a secured lien against Debtor's real property located at 4689 Via Torino, Las Vegas, Nevada 89103;

4.  That nothing contained herein shall terminate the rights of the creditor if this case is dismissed or converted; and

5.  For such other and further relief this Court deems just and appropriate.

Dated this _____ day of January, 2010.

CHRISTOPHER LEGAL GROUP


/s/ Shawn Christopher, Esq.
SHAWN CHRISTOPHER, ESQ.
Nevada Bar No.: 6252
2625 N. Green Valley Parkway, #110
Henderson, NV 89014
Attorney for Debtor